IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

v

TERRENCE L. WATSON
    Defendant.

Case Number: 3:11-cr-37-LAC

## ORDER OF RELEASE

    The Defendant appeared before this Court for a detention hearing on Tuesday, April 08, 2025, pending a hearing to revoke Defendant's supervised release. The Government moved for detention pursuant to Federal Rule of Criminal Procedure 32.1(a)(6), which incorporates 18 U.S.C. § 3143(a)(1). Section 3143(a)(1) provides that the Defendant shall be detained unless the Court finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any person or the community if released under 3142(b) or (c)." Additionally, "the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the [Defendant]." Fed. R. Crim. P. 32.1(a)(6).

    After considering the evidence proffered by the Defendant, and the evidence proffered by the Government, the Court finds Defendant should be RELEASED on the existing conditions, to include the GPS location monitoring and home detention conditions that were imposed in January 2025.

**I.**    **Discussion:**

    Defendant served a 144-month sentence for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine. On September 30, 2020, Defendant began his 5-year period of supervised release. In January 2025, after admitting to using marijuana on several occasions, the Court held those violations in abeyance and modified the conditions of Defendant's release to include GPS location monitoring and home detention. On April 2, 2025, the United States

Probation Office filed a new petition alleging Defendant engaged in additional violations. Those additional violations are:

(1) Testing positive for marijuana and cocaine on March 16, 2025;

(2) Lying to USPO about the use of controlled substances on March 16, 2025 (namely Defendant reported his last marijuana use was January 7); and

(3) Failing to abide by his GPS and home detention conditions by not being where he reported he was going to be and not going places that were not approved.

At the hearing, Defendant did not contest probable cause to support those violations.

The government proceeded by proffer and admitted the following documents into evidence: (1) a letter from Alere Toxicology regarding the results of laboratory drug testing on February 12, and March 16, urine specimens provided by Defendant; (2) Defendant's reported schedule for March 21-March 27 and March 28-April 3; (3) a timecard report showing when Defendant clocked in and out of work on March 24, 25, 26 and 28; and (4) GPS results for March 22 – April 3.

According to the government, Exhibit 1 shows Defendant lied about not having used marijuana since January 7, 2025, because according to Alere, Defendant had used marijuana 5 days prior to February 12, and also between February 12 and March 16. Additionally, the Alere results show Defendant lied about not having used cocaine on March 16. And, Exhibits 2-4 show Defendant reported being at work, but his timecard as well as the GPS results show he was at other places.

Defendant admitted into evidence a letter from his supervisor and his fiancée, both attesting to his character. Defendant argued he is not a risk of danger to the community or a flight risk because he has not been accused of any criminal activity (other than the drug use) or failed to report to Probation since he began supervised release in 2020.

Although there must be consequences for Defendant's alleged failure to abide by the conditions of his supervised release, those consequences are for the District Judge to determine. For purposes of detention pending the revocation hearing, this Court must address only whether Defendant has presented clear and convincing evidence he will neither flee nor pose a danger to the community. The Court finds Defendant has met that burden. Defendant proffered that his work schedule is

sporadic and, therefore, he does not know in advance whether he will be able to work a full day.[1] None of the locations Defendant is alleged to have been, which include Richs' Liquor, his mother's house, and a stereo store, are alleged to be places of criminal activity. There is no allegation Defendant is outside his home late at night. Defendant has not attempted to tamper with or cut off his GPS to avoid detection. And, while continued drug use is indicative of engagement in illicit drug activity, Defendant has been compliant with his substance abuse counseling and treatment program. Finally, Defendant has been gainfully employed since starting supervised release.

Accordingly, IT IS ORDERED that Defendant shall be released *after* the Probation Office places the GPS monitoring system on Defendant. Defendant's release is subject to the existing conditions of his supervised release. The Probation Office shall notify this Court and the District Judge immediately if there is probable cause that Defendant has engaged in *any* additional violations after the entry of this Order as the Court expects the government is likely to seek revocation of Defendant's release at that time.

Entered on April 8, 2025

s/ *Hope Thai Cannon*
HOPE THAI CANNON
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant, however, is not excused from advising Probation of his whereabouts once he knows he is not going to be working and getting approval to be at a location other than his work or those exceptions identified under his home detention conditions.

3:11-cr-36-LAC